UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Joshua Howard

v.                                                          Case No. 25-cv-344-SM-AJ

Anne M. Edwards, N.H. Superior Court Judge, et al.[1]


## REPORT AND RECOMMENDATION

Plaintiff, Joshua Howard, proceeding pro se without counsel, filed a Complaint (Doc. No. 1) under 42 U.S.C. § 1983, asserting that defendants, N.H. Superior Court Judge Anne M. Edwards, the N.H. Division of Motor Vehicles ("DMV"), and the DMV's counsel Attorney Dennis Thivierge violated his federal constitutional rights in connection with a Superior Court petition for a writ of error coram nobis in which he unsuccessfully sought to reopen and/or vacate his prior criminal conviction. The Complaint asserting claims under 42 U.S.C. § 1983, the federal constitution, and state law is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).


## Preliminary Review Standard

In conducting preliminary review under 28 U.S.C. § 1915A(a) and LR 4.3(d)(2), the Court takes as true the facts asserted in the Complaint, and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether the complaint states a claim

---

[1] Plaintiff named two defendants in the caption of his Complaint, N.H. Superior Court Judge Edwards and a state agency, the N.H. Division of Motor Vehicles ("DMV"). The narrative of the Complaint identifies Attorney Dennis Thivierge as counsel for the DMV, appearing in Howard v. DMV, No. 213-2025-cv-00010 (N.H. Super. Ct., Cheshire Cty.) ("Coram Nobis Case"). This court liberally construes the Complaint as intending to name Attorney Thivierge as another defendant here.

that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013)

(citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In determining whether a pro se complaint

states a claim, the Court construes it liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007)

(per curiam). The Court may dismiss claims if the court lacks subject matter jurisdiction, a

defendant is immune from the relief sought, the complaint fails to state a claim upon which relief

might be granted, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2); LR

4.3(d)(2).


## Background

In 2022 in the New Hampshire Circuit Court, 8th Circuit, District Division – Keene

("Keene District Court"), Howard was convicted of driving without a valid license, a

misdemeanor under N.H. Rev. Stat. Ann. ("RSA") § 263:1(III). See Aug. 4, 2022 Jt., State v.

Howard, No. 449-2022-cr-00169 (Keene District Court Aug. 4, 2022) ("Criminal Case"). The

court in that case imposed a fine and suspended Howard's driver's license for thirty days. See

id. The state court docket for that misdemeanor indicates that the N.H. Supreme Court

("NHSC") dismissed Howard's appeal, see Case Summary, Criminal Case (Nov. 1, 2022,

Appeal Dismissed).

In November 2024, Howard filed a motion to reopen his Criminal Case in Keene District

Court. That court denied the motion to reopen, noting in its decision that the appeal period had

expired, and that a Superior Court petition for writ of error coram nobis could be required to

reopen the case. See Dec. 2, 2024 Order, Criminal Case. Howard does not appear to have filed

an appeal of that December 2024 Order.

Howard's next step was to file a petition for a writ of error coram nobis in Superior Court in Cheshire County, naming the DMV as the respondent, see Howard v. N.H. DMV, No. 213-2025-cv-00010 (N.H. Super. Ct., Cheshire Cty.) ("Coram Nobis Case").  Howard claimed that his conviction and sentence in his Criminal Case in Keene District Court violated his rights. Howard's coram nobis petition asserts, among other things, that licenses may be used to regulate commercial enterprises, but he does not use his car for commercial purposes.  His coram nobis petition further asserts that there is small print on all DMV car registration forms which states, "For Commercial" purposes, which he interprets to mean that all DMV car registration forms are intended to be used only by drivers of commercial vehicles.  After a hearing in March 2025, the Superior Court (Edwards, J.) – a named defendant here – denied Howard's coram nobis petition. See Mar. 11, 2025 Order, Coram Nobis Case ("March 11 Order").  According to the Superior Court docket for that proceeding, Howard did not appeal the March 11 Order to the NHSC.

Howard filed this federal case in September 2025, after the state proceedings had ended. The Complaint names as defendants the participants in the Coram Nobis Case, namely, Superior Court Judge Edwards and the DMV.  Howard's Complaint appears to assert claims against the DMV's counsel in that case, as well.  Howard asserts that Judge Edwards misstated the facts and the nature of Howard's claims and generated a decision that fails to properly apply the law to his circumstances, in violation of his federal rights.  He asserts similar claims against the DMV and its counsel, Attorney Thivierge, regarding the representations and arguments made by the DMV through its counsel in that case.  He considers the defendants' conduct in that proceeding to be "perjury."  Howard asserts that the defendants' conduct in those proceedings violated his Ninth and Fourteenth Amendments rights.  He seeks damages for deprivations of his liberty and

property interests, compensation for his "lack of trust in the Judicial System," and damages for

his loss of "parenting time," all relating to the underlying state criminal prosecution and the

Coram Nobis Case.

## Discussion

I.    Eleventh Amendment

Plaintiff names the DMV, a state agency, as a defendant.  The Eleventh Amendment

shields state agencies from suit in federal court unless Congress has abrogated the state's

Eleventh Amendment immunity, or the state has waived it.  "A state's immunity under the

Eleventh Amendment applies whether a private plaintiff's suit is for monetary damages or some

other type of relief."  New Hampshire v. Ramsey, 366 F.3d 1, 14 (1st Cir. 2004).  No waiver or

abrogation of Eleventh Amendment immunity applies here.  See Will v. Mich. Dep't of State

Police, 491 U.S. 58, 65-66 (1989) ("Congress, in passing § 1983, had no intention to disturb the

States' Eleventh Amendment immunity" (citation omitted)).  Accordingly, the district judge

should dismiss all claims against the DMV without prejudice.

II.    Judicial Immunity

Judge Edwards is a named defendant to this action.  "[I]t is an axiom of black letter law

that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity

for those actions."  Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019); see also Mireles v.

Waco, 502 U.S. 9, 11-12 (1991) (judicial immunity is overcome only for "actions not taken in

the judge's judicial capacity" and "for actions, though judicial in nature, taken in the complete

absence of all jurisdiction") (per curiam).  "[A]bsolute judicial immunity means not just

immunity from damages, but immunity from suit altogether."  Zenon, 924 F.3d at 617 n.10

(citation omitted).

To determine whether a judge is entitled to the protection of the judicial immunity

doctrine, the Court determines "whether the judge's act was one normally performed by a judge,

and whether the parties were dealing with the judge in his or her judicial capacity."  Id. at 617

(citing Stump v. Sparkman, 435 U.S. 349, 362 (1978)).  All of the claims for damages asserted

against Judge Edwards involve conduct taken while performing adjudicatory functions, such as

conducting hearings and issuing orders.  No exception to the judicial immunity doctrine is

applicable to this case.  Accordingly, Judge Edwards is shielded by absolute judicial immunity,

and the district judge should dismiss all claims against Judge Edwards on that basis.


III.    Rooker-Feldman

The Rooker-Feldman doctrine generally divests this court of jurisdiction over a federal

case filed by a party to proceedings in state court, where the state court proceedings ended before

the federal court case commenced, and the plaintiff in the federal case complains of injuries

resulting from the state court rulings and "'invit[es] district court review and rejection of [the

state court's] judgments.'"  Skinner v. Switzer, 562 U.S. 521, 532 (2011) (citation omitted); see

also  D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413

(1923).  The doctrine prevents losing litigants "from seeking what in substance would be

appellate review of the state judgment in a United States district court, based on the losing

party's claim that the state judgment itself violates the loser's federal rights," as only the

Supreme Court has jurisdiction to review the decision of a state court in civil litigation.  Efreom

v. McKee, 46 F.4th 9, 17 (1st Cir. 2022) (citations omitted), cert. denied, 143 S. Ct. 576

(2023).  The doctrine is based on the statutory jurisdiction of federal courts.  Id. at 17 n.5.  See

generally 28 U.S.C. § 1257(a) ("[f]inal judgments or decrees rendered by the highest court of a

State in which a decision could be had, may be reviewed by the [United States] Supreme Court

by writ of certiorari," rather than by inferior federal courts).

      The Rooker-Feldman doctrine applies here.  Howard filed this action after the state

proceedings had ended, seeking to undo the denial of his petition for a writ of error coram

nobis.  Even though Howard is asking this court to find that the findings and conclusions of the

Superior Court and the arguments of the DMV and its counsel in that matter deprived him of his

federal rights, the doctrine applies:

> [T]he Rooker-Feldman jurisdictional bar "is not contingent upon an identity between the
> issues actually litigated in the prior state-court proceedings and the issues proffered in the
> subsequent federal suit.  Instead, the critical datum is whether the plaintiff's federal suit
> is, in effect, an end-run around a final state-court judgment."

Tyler v. Supreme Jud'l Ct. of Mass., 914 F.3d 47, 51 (1st Cir. 2019) (quoting Klimowicz v.

Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 66 (1st Cir. 2018)).

      While there is an exception to the Rooker-Feldman bar if the federal case "'presents an

independent claim,'" that exception is inapplicable here, as the "'relief sought in federal court is

directed towards undoing the prior state judgment.'"  Tyler, 914 F.3d at 51.  The damages he

seeks are predicated on this court finding that Howard was entitled to coram nobis relief,

contrary to the determination of the Superior Court.  "'Where federal relief can only be

predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal

proceeding as, in substance, anything other than a prohibited appeal of the state-court

judgment.'"  Id. at 50 (citations omitted).  Accordingly, the Rooker-Feldman doctrine precludes this court's review of Howard's claims.[2]

### Conclusion

For the foregoing reasons, the District Judge should dismiss the Complaint in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).


_____
Andrea K. Johnstone
United States Magistrate Judge


September 24, 2025

cc:     Joshua Howard, pro se

---

[2] Plaintiffs are generally barred from litigating claims for damages that would necessarily imply the invalidity of a judgment of conviction and a sentence unless the judgment and sentence have been previously invalidated.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Because all of the claims in this case are properly dismissed on the basis of the Rooker-Feldman doctrine, the Eleventh Amendment, and judicial immunity, this court need not consider whether the Heck rule further precludes Howard from litigating claims seeking to undo or undermine the validity of his conviction and sentence in this case.